22329

Lori LAMAR, Appellant, v. SOUTH CAROLINA DEPARTMENT OF EDUCATION, Respondent.

(330 S. E. (2d) 306)

Supreme Court

*James C. Alexander*, Greenville, *for appellant.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Frank K. Sloan,* and *Asst. Atty. Gen. J. Emory Smith, Jr.,* Columbia, *for respondent.*

Submitted May 7, 1985.

Decided May 20, 1985.

*Per Curiam:*

Appellant brought this action seeking damages for injuries she received in a school bus accident. She now appeals an order which sustained demurrers to both causes of action alleged in her complaint. We affirm in part and remand.

Appellant's first cause of action sought compensation under the insurance provisions of S. C. Code Ann. §§ 59-67-710 to -790 (Supp. 1984). The lower court sustained the demurrer to this cause of action after appellant's counsel conceded that it failed to state a cause of action. Since appellant has not challenged this ruling on appeal, we affirm the dismissal of the first cause of action.

The second cause of action alleged that respondent's negligent operation of the school bus was the proximate cause of appellant's injuries. The lower court sustained the demurrer to this cause of action based on the doctrine of sovereign immunity.

In the majority opinion in *Jamie McCall, by his Guardian ad Litem, Joan Andrews v. Frankie Batson and the School District of Greenville County,* 329 S. E. (2d) 741 (1985), the doctrine of sovereign immunity was abrogated. Accordingly, we remand this case to the lower court to reconsider its ruling on the second cause of action in light of that opinion.

Affirmed in part and remanded.